Jason R. Naess, ISBN 8407
Assistant United States Trustee
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>DAVIS, TIMOTHY A.<br>DAVIS, PATRICIA A.<br><br><br><br>Debtor. | Case No. 20-00318-JMM<br><br>Chapter 7 |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION
### FOR AN ORDER APPROVING EMPLOYMENT OF PROFESSIONAL REALTOR
### (Jeanette S. Kurtz) (Docket No. 102)

Gregory M. Garvin, the acting United States Trustee for Region 18, by and through his attorneys, files this objection to the Trustee's Application for an Order Approving Employment of Professional Realtor ("Employment Application") (Dkt. No. 102), and in support states as follows:

1.  Debtors filed a voluntary Chapter 11 petition with Subchapter V election on April 3, 2020 (Dkt. No. 1). Later, the case was converted to a Chapter 7 based on the Debtor's own motion (Dkt. No. 83; *see also* Dkt. No. 78 and 82).

2.  On December 9, 2020, Timothy R. Kurtz (the "Trustee") was appointed as the Chapter 7 trustee (Dkt. No. 83).

1

3. On January 15, 2020, the Trustee filed the Employment Application seeking authorization to employ Jeanette S. Kurtz, Windermere Real Estate Professionals (the "Proposed Realtor") as a realtor to "evaluate, market and sell" real property of the estate (Dkt. Nos. 102–104).

4. The Employment Application discloses the fact that the Proposed Realtor is the Trustee's mother.[1]

5. The United States Trustee objects to the Trustee's employment of his mother as a realtor in this case.

## Argument and Authority

6. As a general matter, section 327(a) empowers the trustee, subject to a court's approval, to employ one or more attorneys, accountants, appraisers, auctioneers, or other professionals to represent or assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a).

7. Section 327(a) of the Bankruptcy Code imposes a two-prong test for the employment of professionals by a debtor-in-possession. *In re Wheatfield Bus. Park Llc*, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002). "The professional (1) must not hold or represent any interest adverse to the estate, and (2) must be a 'disinterested person.'" *Id*. "The standard is high: 'if there is any doubt as to the existence of a conflict, that doubt should be resolved in favor of disqualification.'" *Id*. (*quoting In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988)).

8. A "disinterested person" is defined, in part, as "a person that…does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, *or for any other reason*." 11 U.S.C. § 101(14)(C) (emphasis added).

---

1. The Employment Application discloses the fact that the Proposed Realtor is the Trustee's mother in a paragraph labeled "Connection to Parties in Interest." The Verified Statement of the Proposed Realtor attached to the Employment Application mentions this with little discussion. Other materials submitted with the Employment Application include Jeanette Kurtz's qualifications and history of recent sales.

2

9.  The "catch all" provision in the definition of a "disinterested person" is broad enough to disqualify a person "with some interest or relationship that 'would even faintly color the independence and impartial attitude required by the Code.'" *Dye v. Brown* (*In re AFI Holding, Inc.*), 355 B.R. 139, 149 (B.A.P. 9th Cir. 2006) *aff'd* 530 F.3d 832 (9th Cir. 2008) (*quoting Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)* 134 F.3d 831, 835 (7th Cir. 1998). In that case, the panel explained that, "[t]he Code's definition of disinterestedness covers not only actual impropriety, but the appearance of impropriety as well." *Id*. at 153 (*quoting In re Paolino*, 80 B.R. 341, 345 (Bankr. E.D. Pa. 1987)). The trustee and all of the trustee's hired professionals must "be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." *In re Gem Tire & Serv. Co.*, 117 B.R. 874, 877 (Bankr. S.D. Tex. 1990).

10. In the present case, the Trustee is seeking to retain his mother as a professional of the estate. The United States Trustee believes that the relationship between the Trustee and the Proposed Realtor, that of mother and son, could cloud the Trustee's sense of impartiality and could disrupt the lack of personal interest and detached judgment that is expected of trustees in the course of administering a bankruptcy estate. If nothing else, it creates an appearance of impropriety. The Debtor could reasonably question the Trustee's motivation for seeking to sell real property of the estate, and question whether the sale is intended to primarily benefit creditors of the estate, or whether it is a means to enrich the Trustee's mother. Parties in interest may also reasonably question whether the Trustee is indirectly benefitting from his mother's employment as a realtor—expanding the compensation he is otherwise entitled to under the provisions of the Bankruptcy Code.

11. As such, the United States Trustee believes it would be best for the Trustee to employ an unrelated realtor on behalf of the estate. The Employment Application does not address the necessity of employing the Trustee's mother, as opposed to another qualified realtor. Further, it does not discuss or address the availability of other qualified real estate professionals. The employment of a professional that does not have the close familial relationship that the Trustee and the Proposed Realtor do, would resolve questions or concerns regarding disinterestedness, impropriety, or the appearance of impropriety.

12. Wherefore, the United States Trustee requests the Court deny the Employment Application and enter such other and further relief as the Court deems just and equitable.

Date:  February 8, 2021                    GREGORY M. GARVIN
                                           Acting United States Trustee  Region 18

                                           By: /s/ Andrew S. Jorgensen
                                               ANDREW S. JORGENSEN
                                               Attorney for the Acting United States Trustee
                                               Andrew.jorgensen@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on February 8, 2021, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

  Jesse A.P. Baker on behalf of Creditors Bank of America (NC); JPMorgan Chase Bank, N.A.; and Nationstar Mortgage LLC d/b/a Mr. Cooper
ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

  Brett R Cahoon on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

  Matthew Todd Christensen on behalf of Joint Debtor Patricia A. Davis
mtc@angstman.com,

  Tony Kullen on behalf of Creditor TCF NATIONAL BANK
tkullen@wrightlegal.net,

  Timothy R. Kurtz (Chapter 7 Trustee)
trk@kurtztrustee.com,

  Chad Moody on behalf of Joint Debtor Patricia A. Davis
chad@angstman.com,

  Derrick J O'Neill on behalf of Creditor BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
doneill@idalaw.com,

  David M Swartley on behalf of Creditor Matrix Financial Services Corporation LLC
bknotice@mccarthyholthus.com,
US Trustee
ustp.region18.bs.ecf@usdoj.gov

  Brent Russel Wilson on behalf of Trustee Timothy R. Kurtz
bwilson@hawleytroxell.com, dsorg@hawleytroxell.com

  All CM/ECF registered participants receiving notice in this case, but not reflected herein

Date: February 8, 2021

             /s/ Andrew S. Jorgensen
             ANDREW S. JORGENSEN