Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>TIMOTHY DAVIS and<br>PATRICIA DAVIS,<br><br>Debtors. | Case No. 20-00318-JMM<br>Chapter 7 |

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES AND FEES FOR COUNSEL**
**(Docket No. 135)**

Gregory M. Garvin, the Acting United States Trustee ("UST"), hereby objects to the Application for Allowance of Administrative Expenses and Fees for Counsel ("Application") filed by Matthew T. Christensen of the firm of Angstman Johnson ("Applicant") for the reasons stated below:

**Background**

1.   On April 3, 2020, the Applicant filed a voluntary chapter 11 bankruptcy petition on behalf of the Debtors, electing Subchapter V treatment.

1

2. During the Chapter 11 proceedings, the Applicant filed a Motion for Protective Order seeking to withhold documents from the Subchapter V Trustee and the United States Trustee.

3. The United States Trustee responded to and opposed the Motion for Protective Order.

4. The Motion for Protective Order was denied, and the Court ultimately ordered the Debtors to produce documents that had been requested by the Subchapter V Trustee and the United States Trustee.

5. On or about December 9, 2020, the Debtors bankruptcy case was converted to Chapter 7.

6. On October 8, 2020, prior to the case being converted to Chapter 7, the Applicant filed a fee application seeking payment of fees and reimbursement of expenses pursuant to 11 U.S.C. § 330.

7. On October 29, 2020, the United States Trustee objected to the fee application with respect to fees that related to the Motion for Protective Order on the basis that such services were not likely to benefit the estate and were not necessary to the administration of the case.

8. Following the United States Trustee's objection to the fee application, the Applicant withdrew the fee application.

9. On March 8, 2021, the Applicant filed the current Application seeking allowance of fees and costs, which still included fees related to the Motion for Protective Order.

10. On or about July 28, 2021, a Notice of Hearing on the Application was filed, and a hearing is currently set for August 16, 2021.

11. The United States Trustee intends to appear at the hearing on the Application and maintains the same position taken in opposition to the Applicants initial fee application.

**Objection**

12. To avoid repeating the objection already set forth in the United States Trustee's objection to the Applicants fees in this case, the United States Trustee hereby incorporates by reference the objection filed in response to the Applicant's initial fee application. (*See* Doc. 77)

13. The Applicant should be denied the fees requested in connection with prosecuting the Motion for Protective Order in the amount of $2,864.50.

14. The Applicant may argue that this case has since converted to Chapter 7, is a surplus case and that any fees he is denied will ultimately be returned to the Debtors. The Applicant may argue that it was the Debtors that requested, or at least agreed to, the filing of the Motion for Protective Order, and so there is no harm in allowing the fees requested that relate to the Motion for Protective Order.

15. The Applicant may also argue that the Debtors have consented to the fees requested.

16. If the Court reduces the Applicant's fees and the Debtors receive additional surplus funds because of such reduction, the Debtors may ultimately agree to pay the Applicant such fees outside of bankruptcy. As such, the Applicant may argue that it makes no practical difference whether his fees are reduced by the Court, or whether the Court grants them in full.

17. While there may not be anything preventing the Debtors from paying the Applicant additional funds outside of bankruptcy, if the Applicant seeks an award for fees in the bankruptcy and pursuant to the Bankruptcy Code, the Court must apply the plain language of the Code.

18. As previously stated in the United States Trustee's initial objection, certain fees requested by the Applicant are not reimbursable under the Code. While such services may have benefitted the Debtors, they did not benefit the *estate*.

19. The integrity of the system and strict application of the Bankruptcy Code requires a reduction of the fees. Washing the funds through the bankruptcy gives the impression that such were permissible funds to be paid to a professional of the estate.

Wherefore, the amount of fees and costs awarded should be reduced accordingly.

Date: August 2, 2021                                          GREGORY M. GARVIN
                                                              Acting United States Trustee for Region 18


                                                              /s/ Brett R. Cahoon
                                                              BRETT R. CAHOON
                                                              Attorney for the Acting United States Trustee
                                                              brett.r.cahoon@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2021, I caused the foregoing to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Matthew T. Christensen (Debtors' counsel)
Timothy Kurtz (Chapter 7 Trustee)


AND I FURTHER CERTIFY that on such date I caused to be served the foregoing on the following non-CM/ECF Registered Participants via first class mail, postage prepaid addressed as follows:

Tim and Patricia Davis
24 Hawley Mountain Lane
Horseshoe Bend, ID 83629

Date: August 2, 2021                                          /s/ Brett R. Cahoon
                                                              BRETT R. CAHOON